JS-6

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Pulte Home Company, LLC, a Michigan limited liability company, successor by conversion of Pulte Home Corporation; Centex Homes, a Nevada general partnership; and Centex Real Estate Company, LLC, a Nevada limited liability company, | Case No. 2:24-cv-02191-JFW-PDx |
| | **FINAL JUDGMENT** |

Plaintiffs,

v.

HDI Global Specialty SE, a foreign corporation; Kinsale Insurance Company, an Arkansas corporation; First Specialty Insurance Corporation, a Missouri corporation; United Specialty Insurance Company, a Delaware corporation; Peleus Insurance Company, a Virginia corporation; Ironshore Specialty Insurance Company, an Arizona corporation; Starr Indemnity & Liability Company, a Texas corporation; First Mercury Insurance Company, a Delaware corporation; QBE Specialty Insurance Company, a North Dakota corporation; Allied World Assurance Company (US) Inc., a Delaware company; Twin City Fire Insurance Company, an Indiana corporation; Rockhill Insurance Company, an Arizona corporation; Old Republic Insurance Company, a Pennsylvania corporation, Liberty Mutual Fire Insurance Company, a Wisconsin corporation, ACE American Insurance Company, a Pennsylvania corporation; Benchmark Insurance Company, a Kansas corporation; James River Insurance Company, an Ohio corporation; and Clear Blue Specialty Insurance Company, a Texas corporation,

Defendants.

Pursuant to the Court's April 14, 2026 Order Granting Plaintiffs Pulte Home Company, LLC, Centex Homes, and Centex Real Estate Company, LLC's (collectively, "Pulte") Motion for Entry of Final Judgment (Doc. 301) and the Court's April 14, 2026 Order Denying United Specialty Insurance Company's ("USIC") Motion for Reconsideration of the Court's Order Granting Pulte's Motion for Partial Summary Judgment (Doc. 300), the Court hereby enters final judgment in favor of Pulte and against USIC as follows:

WHEREAS, on July 1, 2025, the Court entered an Order granting Pulte's Motion for Partial Summary Judgment against USIC, finding that Pulte is entitled to judgment on its first cause of action for declaratory judgment against USIC (Doc. 243) (the "MSJ Order");

WHEREAS, the Court found that (1) USIC owed a duty to fully and completely defend Pulte in the *Abby* Matter, (2) USIC is obligated to fully reimburse Pulte for its reasonable and necessary attorneys' fees and costs, and (3) Pulte's $1,976,655.07 in attorneys' fees and costs incurred in the *Abby* Matter are reasonable and necessary. (Doc. 243.);

WHEREAS, on February 10, 2026, the Court severed USIC's Crossclaim for contribution against Contractors Insurance Company of North America, Inc. from this action (Doc. 269.);

WHEREAS, on February 23, 2026, the Court dismissed Pulte's claim against USIC for breach of contract-duty to indemnify (Doc. 281.);

WHEREAS, Pulte's claims against all Defendants, other than USIC, have been dismissed; (*See* Docs. 68, 77, 119, 128, 131, 135, 138, 151, 185, 190, 203, 205, 220, 225, 227, 245, 248, 254, 259, and 260.);

WHEREAS, on April 14, 2026, the Court denied USIC's Motion for Reconsideration of the Court's MSJ Order, and in its Order denying USIC's Motion, the Court reduced the award to Pulte to $1,865,381.63 (Doc. 301)

WHEREAS, on April 14, 2026, the Court granted Pulte's Motion for Entry of Final Judgment, which found that Pulte was entitled to entry of final judgment on its first cause of action for declaratory judgment and second cause of action for breach of contract – duty to defend (Doc. 301);

THEREFORE, consistent with the holdings in the Court's Orders and the parties'

2

JUDGMENT

Case No. 2:24-cv-02191-JFW-PD

agreement, the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES** that judgment is entered as follows:

1.      USIC owed a duty to fully and completely defend Pulte against the claims asserted in *Lorne Abby, et al. v. Centex Homes, et al.*, Riverside County Superior Court Case No. RIC2003924 (the "*Abby* Matter") for the reasons stated in the MSJ Order.

2.      USIC breached its contractual duty to defend Pulte in the *Abby* Matter.

3.      USIC is obligated to fully reimburse Pulte for its reasonable and necessary attorneys' fees and costs incurred in defense of the *Abby* Matter.

4.      Pulte incurred reasonable and necessary attorneys' fees and costs in defense of the *Abby* Matter in the amount of $1,865,381.63.

5.      Therefore, Pulte is entitled to an award of monetary damages in the amount of $1,865,381.63.

6.      Pulte is entitled to an award of pre-judgment interest in accordance with Cal. Civ. Code § 3289.

7.      Pulte is entitled to post-judgment interest accruing after the date of this Judgment until the Judgment is paid in full.

**IT IS THEREFORE ORDERED AND ADJUDGED** that final judgment is entered in favor of Pulte and against USIC in the amount of **$1,865,381.63** on its claims for declaratory relief and breach of contract-duty to defend, plus costs and pre-judgment interest, calculated at the legal rate set forth in Cal. Civ. Code § 3289. Post-judgment interest, calculated at the legal rate set forth in 28 U.S.C. § 1961(a), shall also accrue on the judgment until it is paid in full.

**IT IS SO ORDERED, ADJUDGED, AND DECREED.**

DATED:  May 20, 2026

_____
JOHN F. WALTER
Judge of the United States District Court